UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDY LASHAWN FORTNER,<br>  Plaintiff,<br>  v.<br>LAKE COUNTY JAIL, et al.,<br>  Defendants. | Case No. 25-cv-03451-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, a pre-trial detainee[1] currently housed at Lake County Jail, has filed a *pro se* action pursuant to 42 U.S.C. § 1983. His complaint (Dkt. No. 4) is now before the Court for review pursuant to 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

## DISCUSSION

### A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). Under 28 U.S.C. § 1915(e), "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious." 28 U.S.C. § 1915(e)(2)(B)(i). A claim that is incomprehensible may be dismissed as frivolous as it is without an arguable basis in law. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a

---
[1] The Court presumes that Plaintiff is a pre-trial detainee as he states that his criminal case is ongoing. Dkt. No. 1 at 2.

defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.*

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Dismissal with Leave to Amend

The complaint names as defendants "Lake County Jail Medical Staff, Lake County Jail Staff Deputies, Deputy Saye, Phil, Deputy Skoff." The complaint makes the following allegations. Deputy "Saye Phil"[2] would not let Plaintiff go get any water. Deputy Skoff made Plaintiff take his medication without any water. Plaintiff was twice falsely accused of stockpiling medication, and written up three times for stockpiling medication. *See generally* Dkt. No. 4.

The Court DISMISSES the complaint for failure to state a claim because it does not allege any violation of federal law or the federal Constitution, as is needed to state a claim under 42 U.S.C. § 1983 and for federal subject matter jurisdiction. In the interests of justice, the Court grants Plaintiff leave to file an amended complaint.

//

---

[2] It is unclear from the complaint if there is a Deputy Saye and a Deputy Phil, or if Plaintiff is referring to a deputy named "Saye Phil."

2

### C.     Addressing Plaintiff's Frequent Filings

Plaintiff has filed at least ten lawsuits in the Central District of California and this district since January 2025. In these lawsuits, after filing the initial complaint, Plaintiff also files letters that inform the Court of any wrongs that he allegedly suffers as he experiences them.

To assist Plaintiff in effectively seeking relief for alleged mistreatment, the Court provides Plaintiff the following guidance.

First, in this Court, Plaintiff should only file actions over which the Court has jurisdiction. Federal courts are courts of limited jurisdiction, which means that the Court is limited in the issues it may consider and relief it may provide. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For this Court to have jurisdiction over an action, there must be either (1) diversity jurisdiction, i.e. the defendants must be from a state other than California and the amount in controversy be over a certain amount, or (2) federal question jurisdiction, i.e., the legal claim involves a federal law, the federal Constitution, or a United States treaty. 28 U.S.C. §§ 1331, 1332. Plaintiff may seek relief in this Court only for actions or failures to act that violate federal law or the federal Constitution. The mere fact that Plaintiff has been poorly treated does not, without more, state a violation of federal law or the federal Constitution.

Second, Plaintiff should refrain from filing duplicative or repetitious litigation. Plaintiff should not file multiple lawsuits regarding the same event or issue. For example, in C No. 24-3451 HSG, *Fortner v. Lake County Jail, et al.*, Plaintiff alleges that he has been falsely accused of stockpiling medication, which is an allegation that he also makes in C No. 25-cv-2615 HSG, *Fortner v. Lake County Jail Staff, et al*. *Compare* C No. 24-3451 HSG, *Fortner v. Lake County Jail, et al.*, Dkt. No. 4 at 2-3 *with* C No. C No. 25-cv-2615 HSG, *Fortner v. Lake County Jail Staff, et al.*, Dkt. No. 1 at. 32. Duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious. *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988). An *in forma pauperis* complaint that merely repeats pending or previously litigated claims may be considered abusive and dismissed under Section 1915. *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); *Bailey*, 846 F.2d at 1021. An *in forma pauperis* complaint repeating the same factual allegations asserted in an earlier case, even if now

filed against new defendants, therefore is subject to dismissal as duplicative. *Bailey*, 846 F.2d at 1021; *Van Meter v. Morgan*, 518 F.2d 366, 368 (8th Cir. 1975).

Third, Plaintiff is cautioned that filing more than three lawsuits that fail to state a claim can result in being denied leave to proceed *in forma pauperis* in future lawsuits. 28 U.S.C. § 1915(g) provides that a prisoner may not proceed *in forma pauperis* in a civil action "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). Without the ability to proceed *in forma pauperis*, Plaintiff would need to pay the full $405 filing fee before he could proceed with a lawsuit. Before filing an action, Plaintiff should research the relevant law to determine whether he has a legal cause of action.

Fourth, Plaintiff should not file letters with the Court that inform the Court of events as they happen. The only claims that will be litigated in this action are any cognizable claims pled in the operative complaint. Currently there is no operative complaint. Plaintiff cannot add events to his complaint via letters. Plaintiff should therefore refrain from writing letters to the Court to report on events as they happen as these letters have no legal effect, and the Court cannot take action on letters. Filing numerous letters clutters the docket and may delay the Court's ability to address meritorious requests or issues.

## CONCLUSION

For the foregoing reasons, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 25-03451 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaints. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to

4

1  present and all of the defendants he wishes to sue, and may not incorporate material from the prior
2  complaint by reference.  Failure to file an amended complaint in accordance with this order in the
3  time provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk
4  shall include two copies of the court's complaint form with a copy of this order to Plaintiff.

5  **IT IS SO ORDERED.**

6  Dated:    5/6/2025

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge